January 31, 2007

Jeffrey L. Weinstein, Esquire
1 Quarry Street
Lambertville, New Jersey 08530

Andre L. Kydala, Esquire
12 Lower Center Street
PO Box 5537
Clinton, New Jersey 08809

       Re: William R. Nicolai, 4th and Pamela R. Nicolai
          Case No. 05-29876

          Gordon and Anne Nicholson vs.
          William R. Nicolai, 4th & Pamela R. Nicolai
          Adversary No. 05-2751

Counselors:

   Trial in this matter was held on January 11, 2007.  The following represents the Court's

opinion.

Gordon and Anne Nicholson ("Nicholson" ) filed a Complaint against Pamela Nicolai d.b.a. Nicolai Plumbing and William R Nicolai, IV ("Nicolai") seeking relief under 11 U.S.C. § § 523(a)(2). Nicholson alleges that Nicolai took possession of premises located at 907 Flintlock Place, Glen Gardner, New Jersey ("Property") pursuant to a Use and Occupancy Agreement ("Agreement") executed in anticipation of Nicolai's purchase of the property. The complaint further alleges that Nicolai failed to make payment under the Agreement, but more critically for today's purposes, made a series of misrepresentations about their ability to obtain financing to purchase the property with intent to induce Nicholson to allow them to continue to possess the property.[1] Nicolai denies making any material misrepresentations and denies that any statements about their ability to obtain financing that later turned out to be false were not intentionally so.

The complaint is not clear whether Nicholson seeks relief under 523(a)(2)(A) or (B). Under both sections, the burden of proof is on the plaintiff to establish each element of the complaint a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 288-89 (1991).

Nicolai received a discharge under section 727. Pursuant to 523(a)(2)(A) , such a discharges does not pertain to any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....The failure of the Complaint to plead with specificity is nettlesome, because there is a split of authority of what constitutes a statement respecting the Debtors financial condition. Some courts hold that the phrase in the statute means "[A]ny communication that has a bearing on the debtor's financial position." In re Joelson,

_____

[1]The Nicholson Complaint also contained a count for relief under 727 , but that count was withdrawn at trial.

2

427 F.3d 700, 704 (10th Cir. 2005). Others limit the scope of the phrase to mean "[A]ny communication that presents an overall picture of the debtor's financial position." Id., which would therefore include any communications that purports "to state the debtor's overall net worth, overall financial health, or equation of assets and liabilities." Id. Most courts place an emphasis on both (a) whether the statement in issue constitutes "information [that] a potential lender or investor would generally consider before investing, and (b) the intended purposes of ...[such] statement." In re Booher, 284 B.R. 191, 212 (Bankr. W.D. Pa. 2002)(quoting In re Redburn, 202 B.R. 917, 926-29 (Bankr. W.D. Mich. 1996)).

The misrepresentations at issue here fall within those general parameters. The statements that Nicholson alleges were false include 1) that Nicolai would be able to come up with a down payment for the property from the sale of Nicolai property identified as "Mt Airy Road" 2) a failure to disclose outstanding tax liens 3) a failure to disclose that the mortgage on Mt Airy Road was in default or foreclosure. These statements, while they do not encompass the overall financial condition of the Debtor, certainly have a bearing on their financial position and are certainly information that a potential lender would consider before investing. The Complaint can be interpreted as seeking relief under 523(a)(2)(B) rather than 523(a)(2)(A) because the statements alleged to be intentional misrepresentations are statements respecting the Debtors' financial condition.

Section §523(a)(2)(B) excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing (I) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

3

In order to prevail under that section, a creditor must prove five elements: (1) the debtor made a statement in writing; (2) the statement concerned the debtor's financial condition; (3) the statement was materially false; (4) the debtor made the representation with an intent to deceive the creditor; and (5) the creditor actually and reasonably relied on the misrepresentation." In re Cohen, 334 B.R. 392, 398 (Bankr. N.D. Ill. 2005)(citing In re Morris, 223 F.3d 548, 552 (7th Cir. 2000)). "Section 523(a)(2)(B) pertains to a specific type of financial statement, 'one that specifically states a debtor's or insider's net worth." In re Flaherty, 335 B.R. 481, 489 (Bankr. D. Mass. 2005)(quoting City Fed. Savs. Bank. v. Seaborne (In re Seaborne), 106 B.R. 711, 713 (Bankr. M.D. Fla. 1989)). It is unnecessary for the financial statement to be a formal document produced by a commercial or banking institution.  It need only to describe the financial condition of the debtor or an insider of the debtor.  See In re Flaherty, 335 B.R. at 489.

Nicholson did not present any evidence that Nicolai gave of a written statement regarding the Debtors financial condition. To the extent that debts are "obtained by the use of a false *oral* statement respecting the debtor's or an insider's financial condition, they are dischargeable." In re Joelson, 427 F.3d 700 (10th Cir. 2005)(emphasis added) Since Nicholson cannot, therefore, meet its burden of establishing each of the 5 elements required by 523(a)(2)(B), judgment will be entered in favor of the Nicolai.

Because the Third Circuit has not yet ruled on the scope of the phrase "respecting the Debtors... financial condition" and there is a split among the courts that have done so, and because the complaint in this instance is not specific as to the portion/s of 523(a)(2) under which relief is sought, the court will alternatively consider the possibility that the alleged misstatements were not statements respecting the Debtors financial condition. If so, the pertinent section of 523 would be

4

(a)(2)(A) . As stated previously, under that section, a debt may be excepted from discharge if it arose due to false pretenses, a false representation, or actual fraud.

"In order to establish a debt is nondischargeable as a debt for money obtained by false pretenses, the plaintiff must establish (1) an implied misrepresentation or conduct by the defendants; (2) promoted knowingly and willingly by the defendants; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiffs; (4) which wrongfully induced the plaintiffs to advance money, property, or credit to the defendant." " In re Hambley, 329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005)..

"A [c]ourt can find a false representation if the plaintiffs present proof by a preponderance of the evidence that the defendants (1) made a false or misleading statement; (2) with the intent to deceive; and (3) in order for the plaintiffs to turn over money or property to the defendants." " In re Hambley, 329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005).

A creditor proceeding under § 523(a)(2)(A) must prove the following elements: "(1) the debtor obtained money through a material misrepresentation that, at the time the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." In re Crim, 149 Fed.Appx. 427, 430 (5th Cir. 2005).

All of the elements of section 523(a)(2)(A) must be established in order for the plaintiff to prevail. Starr v. Reynolds, 193 B.R. 195 (D.N.J. 1996). One element common to each cause under 523(a)(2)(A) is intent. "Proof of intent to deceive is measured by the debtor's subjective intention at the time the representation was made." In re Curtis, 2006 WL 1506209, at *8 (Bankr. C.D. Ill. May 24, 2006). "[A]ny subsequent conduct that is contrary to the original representation does not

5

necessarily indicate that the original representation was false." In re Bowden, 326 B.R. 62, 87 (Bankr. E.D. Va. 2005). Because a debtor rarely, if ever, admits to acting with the intent to deceive, the Court must consider circumstantial evidence concerning the debtor's state of mind at the time of the alleged deception." In re Catherman, 331 B.R. 333 (Bankr. N.D. Ohio 2005).

Here, Nicholson alleges that Nicolai knew or should have known that there was no equity in the Mt Airy Road property, that there were outstanding tax liens against that property that would eat up any equity that might otherwise be available, and that the mortgage on the Mount Airy Road property was in default or foreclosure and that intent to deceive must be inferred from the context in which they were made. The preponderance of the evidence presented does not support that inference. Pam Nicolai testified that they were aware that they had a tax problem, but thought they would be able to resolve it through a combination of appreciation to the property and discharge of the tax debt in bankruptcy. Their activity both before and after the alleged misrepresentations were made supports that subjective intent, in that Nicolai was marketing the Mt Airy Road property for sale despite the pendency of the foreclosure, and Nicolai invested substantial resources in the 907 Flintlock Place property in anticipation of purchase. Nicolai filed a bankruptcy petition to attempt to discharge some of the tax debt. What seems reasonably clear is that Nicolai knew the information alleged to have been deliberately withheld, but did not subjectively intend to deceive or induce reliance.

Moreover to the extent applicable, Nicholson cannot meet the burden of establishing justifiable reliance. Steven Nicholson testified that he "had heard" that Nicolai had been having some financial difficulties. Justification is a matter of the qualities and characteristics of the particular plaintiff and the circumstances of the particular case, rather than of the application of the

6

community standard of conduct to all cases." <u>Field v. Mans</u>, 516 U.S. 59 70-71. Where a plaintiff admits that he was aware of the financial difficulties of a potential borrower and does nothing more than accept oral statements of a generalized intent to utilize the proceeds of a particular sale, it would be hard to find that any reliance on the borrowers statement was justifiable.

### Conclusion

Notwithstanding the fact that Nicolai failed to disclose tax liens and failed to disclose that their mortgage on property outside of this transaction was in foreclosure, the lack of a written statement regarding the financial condition of the Debtor precludes a finding that any debt arising from the use and occupancy of the subject property is nondischargeable under 523(a)(2)(B). The preponderance of the evidence does not create an inference of intent to deceive or induce reliance, so the debt arising from this transaction can likewise not be declared non dischargeable under 523(a)(2)(A).

Nicolai's counsel shall submit a form of judgment consistent with this opinion.

*/s/ **Kathryn C. Ferguson***
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: January 31, 2007