February 5, 2007

Jeffrey L. Weinstein, Esquire
1 Quarry Street
Lambertville, New Jersey 08530

Andre L. Kydala, Esquire
12 Lower Center Street
PO Box 5537
Clinton, New Jersey 08809

            Re: William R. Nicolai, 4th and Pamela R. Nicolai
                Case No. 05-29876

                Gordon and Anne Nicholson vs.
                William R. Nicolai, 4th & Pamela R. Nicolai
                Adversary No. 05-2751

                Addendum to Letter Opinion Dated
                January 31, 2007 - Document #27

Counselors:

  Mr. Weinstein has correctly noted that the Court's opinion dated January 31, 2007, did not address the counter claim asserted in the answer filed on August 29, 2006. Although Nicolai presented neither evidence nor argument on this issue, the counterclaim itself purports to seek costs

and fees for defending the complaint under the authority of 11 U.S.C. § 523(d). That section provides that

> if a creditor request a determination of dischargeability of a consumer debt under subsection (a)(2) of this section and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstance would make the award unjust.

11 U.S.C. § 523(d).

There are five elements which must be satisfied under § 523(d): (1) the creditor must bring a dischargeability complaint under section 523(a)(2); (2) the complaint must concern a consumer debt; (3) the debt must be found to be dischargeable; (4) the court must find that the creditor's complaint was not substantially justified; and (5) there must be no special circumstances which would make the award of attorney's fees unjust. In re Bliss, 2006 WL 88750, *2 (Bankr. S.D. Iowa 2006)

There is no question here but that the Nicholsons filed a complaint under 523(a)(2). "Consumer debt" means debt incurred by an individual primarily for a personal, family or household purpose. 11 U.S.C. § 101(8). Since the only testimony suggested that the use and occupancy was extended to enable Nicolai to reside in the house with their children, it seems that the debt is a consumer debt. *See,* In re Bertolamo, 235 B.R. 493 (Bankr. S.D. Fla. 1999) (collecting cases on whether real estate can constitute consumer debt) . Even more evidently, the debt has been declared by this court to be dischargeable.

The next question is whether the complaint was substantially justified. Substantial justification can be found if the creditor has shown a reasonable basis for facts asserted; a reasonable basis in law for legal theory proposed; and support for the legal theory in facts alleged. In re Pappan, 334 B.R. 678 (10th Cir. BAP 2005). That is, the creditors position must have been reasonable in law and fact. In re Bonebo, 345 B.R. 42 (Bankr. D. Conn. 2006). A complaint can be substantially justified even if the presentation is ultimately unpersuasive. In re Robinson, 340 B.R. 316 (Bankr. E.D. Va. 2006). Here, although the Court found that the Plaintiffs failed to meet their burden under 523(a)(2), their position was not unfounded or ill conceived. There was at least a reasonable question of fact about the intent of Nicolai in the underlying transactions, and if that fact determination had gone the other way, the law Nicholson relied upon was appropriate. The Court finds that the complaint was substantially justified. An award of fees is accordingly inappropriate.

Moreover, even if the complaint were not substantially justified, special circumstances here would make an award of fees unjust. The general rule is that parties are responsible for their own litigation costs. The legislative history of section 523(d) suggests that it was intended to redress anticipated leverage gaps between individual Debtors and institutional creditors. Nicholson is not an institutional creditor, but rather an individual similarly situated to the Debtor in many ways. In re Radcliffe 317 B.R. 581, 593 (Bankr. D. Conn. 2004). As the court stated in In re Thomas, 258 B.R. 167 (Bankr. N.D. Oh. 2001):

> The purpose of § 523(d) is to discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. H.R.Rep. No. 595, 95th Cong.1st Sess. 365 (1977), U.S.Code Cong. &

>Admin.News 1978, pp. 5963, 6321; S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866. The instant case presents no similarity to the situations feared by Congress. The Plaintiff was not a sophisticated creditor seeking to manipulate the Debtors' anxieties about litigation costs. Nor was the Plaintiff's position plainly without merit. Rather, he was a small businessman with rational, albeit ultimately unfounded, hopes of excepting the subject debt from discharge.

Id. at 169.  Likewise, imposition of costs under the circumstances presented in this case would be unjust.


                                        /s/ Kathryn C. Ferguson
                                        KATHRYN C. FERGUSON
                                        US Bankruptcy Judge